UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| MAUREEN HAY, a Washington resident; IGOR SMAL, a Washington resident; HANNA SMAL, a Washington resident; JORDAN SMITH, a Washington resident; CAMERON SMITH, a Washington resident; ALEX KULIBABA, a Washington resident; NATALYA MANCHIK, a Washington resident; DAN HART, a Washington resident; SHAWNA HART, a Washington resident; PETER MANNING, a Washington resident; ADRIENNE MANNING, a Washington resident; TAWNY CABRAL, a Washington resident; WHITNEY DECORIA, a Washington resident; RYAN DECORIA, a Washington resident; JOSEPHINE PANGAN, a Washington resident; AUBREY BRADLEY, a Washington resident; OZNUR BRADLEY, a Washington resident; CODY WHITNEY, a Washington resident; YVONNE WHITNEY, a Washington resident;  HAROON SAKHI, a Washington resident; ADELA SAKHI, a Washington resident; CHRISTINE JOHNSON, a Washington resident; KEN EDWARDS, a Washington resident; SHERRI PENA, a Washington resident; YONG LIM, a Washington resident; AMBER LEE, a Washington resident; WHITNEY SARGENT, a Washington resident; YEVGENIY "JOHN" ZADNEPROVSKIY, a Washington resident; MARINA ZADNEPROVSKIY, a Washington resident; EUN YOUNG LEE, a Washington resident; KURT BERG, a Washington resident; TRACY BERG, a Washington resident; PETE | Cause No.  2:17-cv-146<br><br>COMPLAINT |

COMPLAINT- 1
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA  98109
T: 206.284.8165 | F: 206.456.4210

NITO, a Washington resident;
JENELYN NITO, a Washington resident;
WILLIAM DUNGER, a Washington resident;
BANNY CHHOEUN, a Washington resident;
SARETH CHHOEUN, a Washington resident;
ADAM JACKSON, a Washington resident;
SARA JACKSON, a Washington resident;
LAYLA BUGADO, a Washington resident;
BRAD BUGADO, a Washington resident;
PHU DO, a Washington resident; HIEN TRAN, a Washington resident,

        Plaintiffs,

vs.

AMERICAN SAFETY INDEMNITY COMPANY, a foreign insurer;

        Defendants.

COMES NOW Plaintiffs Maureen Hay et al., by and through their counsel of record, Casey & Skoglund, PLLC and asserts as follows:

## I.  PARTIES

1. Plaintiff Maureen Hay is a Washington resident and an owner of a home at Valley Haven.

2. Plaintiffs Igor & Hanna Smal are Washington residents and owners of a home at Valley Haven.

3. Plaintiffs Jordan & Cameron Smith are Washington residents and owners of a home at Valley Haven.

4. Plaintiffs Alex Kulibaba & Natalya Manchik are Washington residents and owners of a home at Valley Haven.

COMPLAINT- 2
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

5. Plaintiffs Dan & Shawna Hart are Washington residents and owners of a home at Valley Haven.

6. Plaintiffs Peter & Adrienne Manning are Washington residents and owners of a home at Valley Haven.

7. Plaintiff Tawny Cabral is a Washington resident and owner of a home at Valley Haven.

8. Plaintiffs Ryan & Whitney DeCoria are Washington residents and owners of a home at Valley Haven.

9. Plaintiff Josephine Pangan is a Washington resident and owner of a home at Valley Haven.

10. Plaintiffs Oznur & Aubrey Bradley are Washington residents and owners of a home at Valley Haven.

11. Plaintiffs Cody & Yvonne Whitney are Washington residents and owners of a home at Valley Haven.

12. Plaintiffs Haroon & Adela Sakhi are Washington residents and owners of a home at Valley Haven.

13. Plaintiff Christine Johnson is a Washington resident and owner of a home at Valley Haven.

14. Plaintiffs Ken Edwards & Sherri Pena are Washington residents and owners of a home at Valley Haven.

15. Plaintiff Yong Lim is a Washington resident and owner of a home at Valley Haven.

COMPLAINT- 3
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

16. Plaintiff Amber Lee is an owner of a home at Valley Haven.

17. Plaintiff Whitney Sargent is a Washington resident and owner of a home at Valley Haven.

18. Plaintiffs Yevegeniy "John" & Marina Zadneprovskiy are Washington residents and owners of a home at Valley Haven.

19. Plaintiff Eun Young Lee is a Washington resident and owner of a home at Valley Haven.

20. Plaintiffs Kurt & Tracy Berg are Washington residents and owners of a home at Valley Haven.

21. Plaintiffs Pete & Jenelyn Nito are Washington residents and owners of a home at Valley Haven.

22. Plaintiff William Dunger is a Washington resident and owner of a home at Valley Haven.

23. Plaintiffs Banny & Sareth Chhoeun are Washington residents and owners of a home at Valley Haven.

24. Plaintiffs Adam & Sara Jackson are Washington residents and owners of a home at Valley Haven.

25. Plaintiffs Brad & Layla Bugado are Washington residents and owners of a home at Valley Haven.

26. Plaintiffs Phu Do & Hien Tran are Washington residents and owners of a home at Valley Haven.

27. Hereinafter Plaintiffs, Maureen Hay, Igor & Hanna Smal, Jordan & Cameron

COMPLAINT- 4
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

Smith, Alex Kulibaba, Natalya Manchik, Dan & Shawna Hart, Peter & Adrienne Manning, Tawny Cabral, Whitney & Ryan DeCoria, Josephine Pangan, Aubrey & Oznur Bradley, Cody & Yvonne Whitney, Haroon & Adela Sakhi, Christine Johnson, Ken Edwards, Sherri Pena, Yong Lim, Amber Lee, Whitney Sargent, Yevegeniy & Marina Zadneprovskiy, Eun Young Lee, Kurt & Tracy Berg, Pete & Jenelyn Nito, William Dunger, Banny & Sareth Chhoeun, Adam & Sara Jackson, Brad & Layla Bugado, Phu Do and Hien Tran, are collectively referred to as "Individual Plaintiffs."

28. Defendant American Safety Indemnity Company (hereinafter "ASIC") is a foreign corporation but conducts business in the State of Washington.

## II. JURISDICTION AND VENUE

29. This Court has jurisdiction over ASIC it is completely diverse from Individual Plaintiffs and the amount in controversy exceeds $75,000, and the claims.

30. Venue is proper in the United States District Court for the Western District of Washington under 28 U.S.C. § 1391 because the subject property that is the subject of this action is in the Western District of Washington.

31. This Court has power to grant the requested declaratory relief pursuant to 28 U.S.C. § 2201, § 2202 and RCW 7.24. Declaratory relief is proper as an actual controversy exists amongst the parties as to whether the ASIC policies were triggered and they breached their duty to defend and/or indemnify.

## I. NATURE OF ACTION

1. This is an action for declaratory relief and for a declaratory judgment pursuant to RCW Chapter 7.24, for damages and for other relief.

COMPLAINT- 5
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

2. Plaintiffs are home owners in the Valley Haven housing development (hereinafter the "project".) They settled with the developer Highmark Homes, LLC (hereinafter "Highmark") and its other insurance carrier.

3. As part of the settlement the Individual Plaintiffs took an assignment from Highmark against ASIC. They now seek a declaration of their rights, and the duties and liabilities of ASIC under the comprehensive general liability policies issued to Highmark. ASIC's policy required the insurance company to investigate, defend, and indemnify Highmark against sums it became legally obligated to pay as damages due of property damage occurring at the project.

4. As the assignee of Highmark, the Individual Plaintiffs seeks damages for ASIC's breaches of their contractual duties under each of their insurance policies and endorsements issued to Highmark with respect to sums paid or incurred as a result of damages claimed by the Individual Plaintiffs arising out of damage to the project. The Individual Plaintiffs further seeks damages for all additional costs and attorney fees incurred in compelling ASIC to perform its duties required by the insurance policies.

5. By reason of the foregoing, an actionable and justifiable controversy exists between the Individual Plaintiffs and ASIC's obligations to indemnify Highmark and its settlement expenses in the underlying lawsuit. The Individual Plaintiffs are entitled to a judgment declaring that ASIC is obligated to pay Highmark's damages to Individual Plaintiffs.

### III.   FACTUAL ALLEGATIONS

32. Plaintiff re-alleges herein all prior paragraphs.

33. Highmark was the developer and general contractor on the Valley Haven home project.

34. On May 15, 2014, the Individual Plaintiffs filed a complaint against Highmark

COMPLAINT- 6
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

and Tom Tollen in Pierce County Superior Court, Washington.

35. Highmark and Mr. Tollen had two principal insurance companies.

36. The first insurance company was ASIC which issued three standard commercial general liability policies to Highmark and Mr. Tollen:

    a. ASIC Policy # 156AUI 60577-00     Policy period 7.17.10 – 7/17/11

    b. ASIC policy # 156AUI 61311-00     Policy period 7.17.11 – 7/17/12

    c. ASIC policy # 156AUI 62063-00     Policy period 7.17.12 – 7/17/13

37. The second insurance company was International Insurance Company of Hannover Ltd. (hereinafter "International") which issued three "wasting" commercial standard commercial general liability policies to Highmark and Mr. Tollen:

    a. International Policy # IGO11002052-00     Policy period 7.17.13 – 7/17/14

    b. International policy # IGO11002052-01     Policy period 7.17.14 – 7/17/15

    c. International policy # IGO11002052-02     Policy period 7.17.15 – 7/17/16

38. Thereafter, Highmark tendered the claims to International and it accepted its duty to defend.

39. Thereafter, Highmark and Mr. Tollen tendered the claims to ASIC on or about May 22, 2014.

40. On the tender(s) Highmark requested ASIC defend and indemnify Highmark and Tom Tollen.

41. On or about August 17, 2014 ASIC responded and denied Highmark's tender to defend it.

42. Highmark and Mr. Tollen tendered the claims again to ASIC on or about October 21, 2014. Once again, the tender requested ASIC defend and indemnify Highmark and Tom Tollen.

43. On or about March 9, 2015, ASIC responded to the tender and once again it

COMPLAINT- 7
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

denied it had a duty to defend Highmark because it believed there was no coverage afforded to Highmark or Mr. Tollen under the policies it issued to Highmark and Mr. Tollen.

44. On or about May 8, 2015, Highmark and Tom Tollen filed a third-party complaint against multiple contractors worked on the project.

45. On February 26, 2016, the Honorable Judge Philip Sorensen entered an order confirming the siding and related elements installed at the project were not in compliance with the applicable codes and was experiencing property damage.

46. In 2016, Individual Plaintiffs settled with Highmark and Mr. Tollen.

47. Although the Plaintiffs would have sought $4,854,615.40 plus additional costs and attorney fees through trial the parties agreed to settle the case for $4,250,000.

48. As part of the settlement, International paid every cent left in the policy period it believed applicable to settle the case. Under the terms of the settlement, the amount paid by International is required to be deducted from any judgment entered against Highmark and Mr. Tollen.

49. In addition, Highmark assigned all its claims against ASIC to the Individual Plaintiffs.

50. Highmark also assigned its claims against the subcontractors who worked on the project, and all the subcontractors' insurers under which Highmark was named as an additional insured.

## IV. DECLARATORY RELIEF SOUGHT AGAINST ASIC

51. Individual Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

52. This is an action for declaratory relief and for a declaratory judgment pursuant to RCW Chapter 7.24, for construction, validity, and enforcement of a contract.

COMPLAINT- 8
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

53. By reason of the foregoing, an actionable and justifiable controversy exists between Individual Plaintiffs and ASIC regarding the parties' obligations to each other.

### V. CLAIMS AGAINST ASIC

#### A. BREACH OF CONTRACT

54. Individual Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

55. ASIC breached the policies it sold to Highmark by: (1) failing to defend Highmark; and (2) placing its interests ahead of and above Highmark's interests.

56. Individual Plaintiffs, as assignees of Highmark, were deprived of the benefit of a defense and insurance coverage under the policies.

57. Individual Plaintiffs, as assignees of Highmark, have been damaged as a direct and proximate result of ASIC's breach of the policies it sold to Highmark.

58. ASIC is liable to Individual Plaintiffs as assignees for all damages together with costs and disbursements of this action, including but not limited to reasonable attorneys' fees.

#### B. SECOND CAUSE OF ACTION: BAD FAITH/IFCA VIOLATIONS

59. Individual Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

60. Pursuant to the Washington Insurance Code, RCW Chapter 48.01 ("IFCA"), the business of insurance is one affected by the public interest. Every insurance company has a duty of good faith and fair dealing, which requires it to abstain from deception, to act with honesty and lawfulness of purpose, and to give equal consideration in all matters to its insured's interests.

COMPLAINT- 9
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

61. ASIC was given proper notice and their refusal to defend is a violation of RCW 48.30.015 and WAC 284-30-380.

62. By reason of the foregoing, Individual Plaintiffs, as assignees of Highmark, have suffered and will continue to suffer direct and consequential expenses for which ASIC is liable.

### C. THIRD CAUSE OF ACTION: VIOLATION OF CONSUMER PROTECTION ACT (RCW 19.86)

63. Individual Plaintiffs re-allege and incorporate by this reference all paragraphs above as if fully set forth herein.

64. The Washington Consumer Protection Act, RCW Chapter 19.86, prohibits unfair or deceptive acts or practices. The Washington Administrative Code, WAC 284-30, defines certain prohibited, unfair or deceptive acts or practices in the business of insurance, including, *inter alia*, failing to adopt and implement reasonable standards for prompt investigation of claims, refusing to pay claims or defend claims without a reasonable investigation, failing to effectuate prompt, fair and equitable settlements of claims, and compelling policy holders to institute litigation in order to receive insurance benefits.

65. In failing to adopt standards for prompt investigation, refusing to defend and indemnify Highmark in connection with the claims alleged in the underlying lawsuit, failing to conduct a proper investigation of Highmark's claim, by refusing to respond timely to Highmark's request for defense and indemnification, by failing to effectuate a prompt settlement of the claim, and by forcing Highmark to institute a suit to obtain the benefits of Highmark's status as an additional insured under ASIC's policies. ASIC has acted with an absence of good faith in violation of RCW Chapter 48.01.

66. The actions and inactions of ASIC further constitute unfair and deceptive acts and practices under RCW Chapter 19.86 and WAC Chapter 284-30.

COMPLAINT- 10
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

67. By reason of the foregoing, Highmark has suffered and will continue to suffer direct and consequential expense for which ASIC is fully liable to Highmark.

68. As a further direct and proximate result of ASIC violation of RCW Chapter 19.86, it is liable for treble damages and reasonable attorneys' fees and costs incurred by Individual Plaintiffs in prosecuting this action.

## VI.  PRAYER FOR RELIEF

WHEREFORE, having made the above allegations, Individual Plaintiffs prays for relief against ASIC as follows:

1. A Court Order declaring as follows:

    a. ASIC had a duty to defend Highmark;

    b. ASIC breached their duty to defend Highmark;

    c. As a result of ASIC's breach of the duty to defend, they are estopped from denying coverage;

    d. As a result of ASIC's breach of the duty to defend, it is precluded from applying its exclusions; and

    e. ASIC had a duty to indemnify Highmark.

    f. For an award of treble damages under RCW 48.30 against ASIC;

    g. For an award against ASIC in favor of Individual Plaintiffs for reasonable attorneys' fees and costs incurred in this action or incurred in compelling ASIC to pay the benefits provided under the commercial general liability policies issued to Individual Plaintiffs as assignees of Highmark; and

    h. For such other and further relief as this Court deems just and equitable.

A jury trial is hereby demanded.

DATED this 31st day of January, 2017.

COMPLAINT- 11
(Cause No. 2:17-cv-146)

CASEY & SKOGLUND PLLC
130 NICKERSON STREET, SUITE 210
SEATTLE, WA 98109
T: 206.284.8165 | F: 206.456.4210

1
2
3
4
5
6
7
8

CASEY & SKOGLUND, PLLC

By:  /s/ Todd Skoglund
  Todd K. Skoglund, WSBA #30403
  Christopher R. Casey, WSBA #27684
  130 Nickerson Street, Suite 210
  Seattle, WA  98109
  T: 206.284.8165 F: 206.456.4210
  todd@casey-skoglund.com
  chris@casey-skoglund.com
  Attorneys for Plaintiff

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT- 12
(Cause No. 2:17-cv-146)

**CASEY & SKOGLUND PLLC**
130 NICKERSON STREET, SUITE 210
SEATTLE, WA  98109
T: 206.284.8165 | F: 206.456.4210